UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION


MELISSA LEE,

       Plaintiff,

vs.                                                      Case No. 3:08-cv-458-J-HTS[1]

MICHAEL ASTRUE,
Commissioner of
Social Security,

       Defendant.
_____

## OPINION AND ORDER[2]

### I. Status

Melissa Lee is appealing the Social Security Administration's denial of her claim for Disability Insurance Benefits. Her alleged inability to work is based on frequent headaches and back pain. Transcript of Administrative Proceedings (Tr.) at 86. Ms. Lee was ultimately found not disabled by Administrative Law Judge (ALJ) Stephen C. Calvarese on April 11, 2007. *Id.* at 19, 25. Claimant has exhausted the available administrative remedies and the case is

---

      [1]     The parties have consented to the exercise of jurisdiction by a United States Magistrate Judge. Notice, Consent, and Order of Reference - Exercise of Jurisdiction by a United States Magistrate Judge (Doc. #10).

      [2]     Pursuant to § 205(a)(5) of the E-Government Act of 2002, this Order is available electronically. It is not otherwise intended for publication or to serve as precedent.

properly before the Court. On appeal, it is argued "[t]he Appeals Council [(AC)] erred when it declined to review the [ALJ's] decision." Memorandum in Support of Plaintiff's Appeal of the Commissioner's Decision (Doc. #12; Memorandum) at 1, 12 (emphasis omitted). Additionally, Plaintiff contends the judge "fail[ed] to request medical opinion evidence from Dr. [James W.] Fetchero, [her] treating physician." *Id.* at 1, 21 (emphasis omitted).

## **II. Legal Standard**

This Court reviews the Commissioner's final decision as to disability[3] pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). Whereas no special deference is accorded the application of legal principles, findings of fact "are conclusive if supported by substantial evidence[.]" *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1260 (11th Cir. 2007) (internal quotation marks omitted); *see also Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001) (quoting *Falge v. Apfel*, 150 F.3d 1320, 1322 (11th Cir. 1998)). Substantial evidence has been defined as "'such relevant evidence as a reasonable mind might accept as adequate to support

---

[3] "Disability" is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A); *see* 42 U.S.C. § 1382c(a)(3)(A). An ALJ must follow the five-step sequential inquiry described in 20 C.F.R. §§ 404.1520, 416.920, determining as appropriate whether the claimant 1) is currently employed; 2) has a severe impairment; 3) is disabled due to an impairment meeting or equaling one listed in the regulations; 4) can perform past work; and 5) retains the ability to perform any work in the national economy. *See also Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004).

a conclusion.'" *Falge*, 150 F.3d at 1322 (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)); *see also Ingram*, 496 F.3d at 1260. Despite the existence of support in the record, the ALJ's determination may not be insulated from remand where there is a "failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted[.]" *Ingram*, 496 F.3d at 1260 (internal quotation marks omitted); *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994).

### III. Discussion

**A. Appeals Council's Denial of Review**

According to Plaintiff, the council's refusal to "review the decision of the ALJ . . . is not supported by substantial evidence." Memorandum at 13. Ms. Lee argues "the [AC] erred by failing to recognize that . . . new and material evidence, when considered with the other evidence of record, supports a determination that the findings and conclusions of the ALJ were contrary to the weight of the evidence." *Id*. at 1.

> Upon the submission of
> 
> new noncumulative and material evidence to the AC after the ALJ's decision, the AC shall consider such evidence, but only where it relates to the period on or before the date of the ALJ's hearing decision. Material evidence is evidence that is relevant and probative so that there is a reasonable possibility that it would change the administrative result. When evidence is submitted for the first time to the AC, that new evidence becomes part

>     of the administrative record. The AC considers the
>     entire record, including the new, material, and
>     chronologically relevant evidence, and will review the
>     ALJ's decision if the ALJ's action, findings, or
>     conclusion is contrary to the weight of the evidence
>     currently of record.

*Smith v. Soc. Sec. Admin.*, 272 F. App'x 789, 800-01 (11th Cir. 2008) (per curiam) (internal quotation marks and citations omitted). If it "denies review after consideration of new evidence, a court should determine whether [20 C.F.R.] § 404.970(b) or § 416.1470(b) has been violated by the denial of review because the law judge's decision is contrary to the weight of the evidence of record, including the new evidence." *Tucker v. Astrue*, No. 8:07-CV-621-T-TGW, 2008 WL 2811170, at *7 (M.D. Fla. July 21, 2008). Upon finding such a violation, the appropriate course "is to remand the matter to the Commissioner so that the administrative review that was improperly denied is undertaken." *Id*.[4]

On September 12, 2007, Plaintiff submitted to the Appeals Council a Physical Residual Functional Capacity Questionnaire (Questionnaire), which had been completed by Dr. Fetchero on May 25, 2007. *See* Tr. at 320-26. Upon receiving the Questionnaire, the AC stated it "considered the reasons [Claimant] disagree[d]

---

[4] "'Section 405(g) permits a district court to remand an application for benefits to the Commissioner . . . by two methods, which are commonly denominated 'sentence four remands' and 'sentence six remands . . . .'" *Barclay v. Comm'r of Soc. Sec. Admin.*, 274 F. App'x 738, 743 (11th Cir. 2008) (per curiam) (quoting *Ingram*, 496 F.3d at 1261) (alterations in *Barclay*). "[W]hen 'evidence properly presented to the Appeals Council has been considered by the Commissioner and is part of the administrative record[,]'" a sentence four remand is the proper remedy. *Id*. at 744 (quoting *Ingram*, 496 F.3d at 1269).

with the decision and the additional evidence listed on the enclosed Order of Appeals Council[,]" but ultimately "found no reason . . . to review the [ALJ]'s decision. Therefore [it] denied [the] request for review." *Id*. at 4. Accordingly, "it did not err by failing to consider the new evidence." *Smith*, 272 F. App'x at 801; *see also Barclay v. Comm'r of Soc. Sec. Admin.*, 274 F. App'x 738, 743 (11th Cir. 2008) (per curiam). However, because the AC declined to review the decision, it can be inferred the council held the view that the ALJ's decision was not contrary to the weight of the evidence in the record, including the Questionnaire. *Cf. Couch v. Astrue*, 267 F. App'x 853, 857 (11th Cir. 2008) (per curiam); *Levy v. Astrue*, No. 07-80157-CIV, 2008 WL 4753518, at *24 (S.D. Fla. Oct. 28, 2008).

As no treating physician provided any opinions regarding Ms. Lee's functional limitations, Judge Calvarese relied on the views of a state agency medical consultant (consultant) in determining her residual functional capacity (RFC). *See* Tr. at 24. Among other impressions, the consultant's assessment indicated Plaintiff could "[o]ccasionally lift and/or carry . . . 20 pounds[, f]requently lift and/or carry . . . 10 pounds[, s]tand and/or walk . . . for a total of . . . about 6 hours in an 8-hour workday[, and] sit" for the same amount of time. *Id*. at 300 (emphasis omitted). Based on his belief that the consultant's opinion was

"supported by the objective medical evidence[,]" the judge afforded it "significant weight[.]" *Id.* at 24. Hence, he determined "claimant has the residual functional capacity to [perform] light" work. *Id.* at 22 (emphasis omitted). The judge explained "[l]ight work involves lifting no more than 20 pounds at a time with[] frequent lifting or carrying of objects weighing up to 10 pounds[,] requires a good deal of walking or standing, or . . . involves sitting most of the time with some pushing or pulling of arm or leg controls." *Id.; see also* 20 C.F.R. §§ 404.1567(b), 416.967(b) (defining light work). Further, he found Claimant is capable of "occasionally stoop[ing], crouch[ing], crawl[ing], kneel[ing], balanc[ing], and climb[ing] stairs[,]" but not climbing ladders. Tr. at 22.

The extent of the limitations determined by the ALJ are clearly in discord with those found by Ms. Lee's treating physician. In the Questionnaire submitted to the AC, Dr. Fetchero noted symptoms of "back pain, head pain, dizziness, [and] balance problems[,]" supported by "clinical findings and objective signs [of] some spasms, limited mobility, degenerative changes on x-rays[, and an] abnormal EEG[.]" *Id.* at 322 (capitalization omitted). He marked that his "patient's experience of pain or other symptoms [was often] severe enough to interfere with attention and concentration[,]" *id.* at 323, that she could not stand or walk for two hours in an eight-hour work day, and was

limited to sitting for only two hours.  *See id*. at 324 (additionally indicating she would be unable to stand for more than 10-15 minutes "before needing to sit down, walk around, etc."). Further, the physician stated Ms. Lee's legs should be elevated "as much as possible[,]" if she were required to engage in prolonged sitting.  *Id*. at 325 (capitalization omitted).  The opinion was also expressed that Claimant could lift and carry ten pounds occasionally, and twenty rarely.  *See id*.  Dr. Fetchero specified that Ms. Lee was limited to rarely twisting, stooping, crouching, and climbing stairs, and would sometimes need a "cane to assist with balance[.]" *Id*. (capitalization omitted).  Finally, even though the doctor expressed the opinion that his patient could tolerate the work stress of "low stress jobs[,]" *id*. at 323, he felt that her "impairments [would] require her to lie down at unscheduled times during a[n] 8[-]hour period " for up to one hour. *Id*. at 326.

The Commissioner does not contest that the Questionnaire was new, noncumulative, and material.  Nevertheless, it appears the requirements are satisfied.  The report, containing opinions from a treating physician,[5] directly contradicts the ALJ's findings in

---

[5] Unless rejected for good cause, a treating physician's opinion "is entitled to substantial weight[.]" *Ogranaja v. Comm'r of Soc. Sec.*, 186 F. App'x 848, 850 (11th Cir. 2006) (per curiam) (quoting *Edwards v. Sullivan*, 937 F.2d 580, 583 (11th Cir. 1991)); *see also Phillips v. Barnhart*, 357 F.3d 1232, 1240 (11th Cir. 2004).

regard to the severity of Ms. Lee's physical impairments. *Cf. id.* at 24 (ALJ's admission "[t]he only opinions regarding the claimant's functioning come from the state agency consultant").

Moreover, while the Questionnaire does not specifically indicate that its conclusions apply to the relevant time period, it suggests they are based on the physician's treatment of Ms. Lee over a number of years, including the relevant time period. *See id.* at 322 (stating Ms. Lee "has been [a patient] in this practice since 2003" (capitalization omitted)). Thus, plainly the medical opinions contained in the report "relate to Claimant's condition at the time that the ALJ issued his determination," *Levy*, 2008 WL 4753518, at *25, and are therefore material. *Cf. Tucker*, 2008 WL 2811170, at *10 (construing treating physician's opinions regarding functional limitations as material). Therefore, it was error for the AC to decline review if the report rendered the ALJ's decision contrary to the weight of the record as a whole.

It is not clear the opinions expressed by the doctor are inconsistent with his treating notes or completely lacking in objective support. *Cf., e.g.,* Tr. at 255 ("still has back pain"), 259 (indicating "lower back pain . . . [n]ow worse when sitting"), 307 (diagnosis of L/S strain, spasms and early degenerative joint disease), 311 (noting increased low back pain), 312 ("feet

swelling[, and] light headedness"), 316 (commenting on x-ray of c-spine and cervical spasms).

Also significant, the Questionnaire alludes to Claimant's occasional need for a cane to maintain balance. *See id.* at 325.[6] This limitation was absent from the RFC determination. In addition, the record contains no other functional assessments from a treating physician, and the consultant, whose opinion the ALJ relied on, developed his impressions without the benefit of a large portion of Dr. Fetchero's notes. *Cf. id.* at 306 (indicating consultant's assessment completed on February 2, 2006), 3 (records received during and subsequent to September 2006 hearing), 335 (ALJ's statement at the hearing held on September 28, 2006, that the physician's records from September 2005 to the present would need to be obtained).

The Court will not endeavor to determine the appropriate weight that should be afforded the treating physician's opinions. *Cf., e.g., Pauldo v. Astrue*, No. CV 308-011, 2008 WL 5188806, at *7 n.4 (S.D. Ga. Dec. 10, 2008) ("[T]he Court will not usurp the ALJ's fact finding function by imposing a pre-determined interpretation of this new evidence."); *Tucker*, 2008 WL 2811170, at *9 ("How much

---

[6] While Ms. Lee stated she did not recall this requirement being communicated by the doctor, her testimony at the hearing arguably supports the opinion. *See, e.g., id.* at 358 (claiming she could stand for "[a]bout three minutes[, but would] need to hold on to something"), 361 (discussing her propensity for falling).

weight should be given to [a treating physician's] opinions is clearly a matter for the Appeals Council or a law judge to decide. This court simply reviews that determination."). However, as noted previously, "[t]he opinion of a treating physician is entitled to substantial weight unless good cause exists for not heeding the treating physician's diagnosis." *Couch*, 267 F. App'x at 854 (internal quotation marks omitted). Further, "[t]he opinions of nonexamining, reviewing physicians . . . when contrary to those of examining physicians are entitled to little weight in a disability case, and standing alone do not constitute substantial evidence." *Hoffman v. Astrue*, 259 F. App'x 213, 217 (11th Cir. 2007) (per curiam) (second alteration in original; internal quotation marks omitted). It is not immediately apparent that Dr. Fetchero's opinions should be discounted in favor of a nonexamining physician's.

Thus, the ALJ's determination, based in large part on a state agency medical consultant's opinion that Plaintiff can perform light work, is contrary to the weight of the evidence when considering Dr. Fetchero's views.[7] The nonexamining state agency consultant's RFC finding "cannot outweigh the opinion of Dr.

---

[7] Specifically, it is at odds with the physician's position that Claimant would need to elevate her legs frequently at sedentary jobs and sometimes require the use of a cane, *see* Tr. at 325, and that she had functional limitations that restricted her to standing for 10-15 minutes at a time and less than two hours a day, *see id.* at 324, rarely lifting 20 pounds and occasionally 10, and rarely twisting, stooping, or crouching. *See id.* at 325.

[Fetchero], a treating physician, unless his opinion should subsequently be discounted upon further review." *Tucker*, 2008 WL 2811170, at *10. On remand, the ALJ should be sure to consider the opinions of Dr. Fetchero, and afford them the weight to which they are properly entitled.

B.  **Failure to Develop the Record**

Regardless of whether the Appeals Council properly evaluated the Questionnaire, Plaintiff contends "[t]he [ALJ] erred by failing to request medical opinion evidence from Dr. Fetchero, [her] treating physician." Memorandum at 1, 21 (emphasis omitted). Specifically, Ms. Lee argues "that the decision of the ALJ regarding her RFC is not supported by substantial evidence or legally sufficient due to the lack of an assessment by either an examining or treating physician regarding [her] functional abilities." *Id*. at 22. As the RFC assessment from Dr. Fetchero is already part of the administrative record and due to be considered by the ALJ on remand, a determination of this issue does not appear entirely necessary. Nevertheless, it will be addressed.

"It is well-established that the ALJ has a basic duty to develop a full and fair record." *Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003) (per curiam). This obligation is present "whether or not the applicant is represented[.]" *Robinson v. Astrue*, 235 F. App'x 725, 727 (11th Cir. 2007) (per curiam).

However, "[t]he ALJ has a special duty to ensure the record demonstrates that an unrepresented claimant who did not waive counsel was not prejudiced by the lack of counsel." *Id*. "[T]he special duty to develop the record does not take effect" where counsel has been waived. *Id*.

The record reflects Claimant waived her right to an attorney at the hearing,[8] *see* Tr. at 330-32, and she raises no argument the waiver was not knowingly and intelligently made. *Cf. Newberger v. Comm'r of Soc. Sec. Admin.*, 293 F. App'x 710, 712 (11th Cir. 2008) (per curiam). Thus, there is no special duty to develop the record in this case.

Plaintiff claims "[i]n order for the [judge] to fulfill his duty to fully and fairly develop the record, [he] was required to obtain (or at least attempt to obtain) a formal assessment from Dr. Fetchero" or an examining physician "as to [her] remaining ability to perform work[.]" Memorandum at 23. In relation to the alleged requirement that an ALJ rely on an RFC assessment from a treating or examining source, Claimant cites *Coleman v. Barnhart*, 264 F. Supp. 2d 1007, 1010 (S.D. Ala. May 9, 2003). Yet, it is not clear such a rule has garnered much acceptance in the Eleventh Circuit outside the Southern District of Alabama. In fact, a recent Middle District of Florida opinion declares "that the law judge, as the

---

[8] Ms. Lee has subsequently retained representation.

factfinder, does not need an opinion from a treating or examining doctor concerning a claimant's functional limitation[s] in order to make a finding regarding a claimant's" RFC. *Harris v. Astrue*, No. 8:07-CV-868-T-TGW, 2008 WL 4145965, at *5 (M.D. Fla. Sept. 8, 2008); *see also, e.g., Swann v. Astrue*, No. 3:07cv129/LAC/EMT, 2008 WL 818500, at *12 (N.D. Fla. Mar. 26, 2008). That the record failed to include an opinion from a treating or examining physician is not enough by itself to render it insufficient to make an RFC finding.

While the acquisition of a formal assessment from a treating or examining physician may have been beneficial, and if considered, might very well have led the ALJ to a different conclusion, "the claimant bears the burden of proving that he[ or she] is disabled, and, consequently, he[ or she] is responsible for producing evidence in support of his[ or her] claim." *Harris*, 2008 WL 4145965, at *5 ("[I]t was the plaintiff's responsibility, and not the law judge's, to obtain assessments from the plaintiff's treating doctors if such assessments were deemed to be necessary."). It has not been shown that the record before the ALJ was insufficient for the judge to make an RFC finding.[9]

---

[9] "Generally, it is only necessary to recontact a physician if there are gaps in the record." *Id*. Indeed, here the ALJ did obtain documents to supplement the evidence before him at the time of the hearing. *See* Tr. at 308-18, 335.

Under the circumstances, Ms. Lee has fallen short of demonstrating the ALJ erroneously failed to develop a full and fair record.

### **IV. Conclusion**

In accordance with the foregoing, the Clerk of the Court is directed to enter a judgment pursuant to sentence four of 42 U.S.C. § 405(g) **REVERSING** the Commissioner's decision and remanding with instructions to: 1) evaluate the opinions of Dr. Fetchero; and 2) conduct any further proceedings deemed appropriate. If benefits are ultimately awarded, Plaintiff's counsel shall have thirty (30) days from receiving notice of the amount of past-due benefits to seek the Court's approval of attorney's fees under the Social Security Act.

**DONE AND ORDERED** at Jacksonville, Florida, this 18th day of May, 2009.

/s/      Howard T. Snyder
HOWARD T. SNYDER
UNITED STATES MAGISTRATE JUDGE


Copies to:

Counsel of record
    and pro se parties, if any